IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**SHERRY DIANE PETTIS,**

    **Plaintiff,**

**vs.**         **4:09CV18-RH/AK**

**WARDEN AUGUSTINE, et al,**

    **Defendants .**

                          **/**

## O R D E R

This cause is before the court upon Plaintiff's filing of an amended civil rights complaint under 42 U.S.C. § 1983 (doc. 8), and an amended application for leave to proceed *in forma pauperis* (IFP). (Doc. 9). Leave to so proceed has already been granted in a separate order, (doc. 4), rendering the amended motion (doc. 9) **MOOT**.

Plaintiff alleges that she had a seriously contagious condition that was ignored by medical staff at Coleman CI and FCI Tallahassee, and the Sheriff of Lake County Jail. While she has stated sufficient claims against Defendant Dr. Blanco for failing to alert Lake County Jail of her contagious condition after he received the lab report, she has not explained how the Sheriff of Lake County was responsible for a denial of care if he was not advised by Dr. Blanco that she need such care. She has not otherwise explained any lack of medical treatment that occurred while she was at the Lake County Jail. If she does not have additional facts to support her claims against the Sheriff of Lake County, she should delete him as a defendant in the second amended complaint.

Finally, Plaintiff's claims that Warden Mitchell, Robin Cuffie and Jose Acebal "would be responsible for signing off" on a medical transfer should be supplemented with additional facts such as did they in fact sign off on her transfer, when did they do this, and were they aware of her condition when they "signed off" on the transfer? As the claims are stated in the amended complaint, it is not clear that they actually participated in the decisions of which she complains or that they are "responsible" because of their supervisory positions only. Similarly, she is suing Warden Augustine for clearing her to work even though she had a contagious disease and she should supplement this claim as well with facts to support his knowledge of her condition and his participation in the decision regarding her work assignment. There may be other persons more directly responsible for this decision than the Warden.

In amending, Plaintiff should carefully review the foregoing to determine whether she can present allegations sufficient to state a cause of action under the relevant law. If Plaintiff is able to file a second amended complaint, she must name as Defendants only those persons who are responsible for the alleged constitutional violations. Plaintiff must place their full names in the style of the case on the first page of the civil rights complaint form and in the other appropriate sections of the form. Further, Plaintiff should clearly describe how each named Defendant is involved in each alleged constitutional violation. In civil rights cases, more than conclusory and vague allegations are required to state a cause of action. *See, e.g.*, Fullman v. Graddick, 739 F.2d 553, 556-57 (11th Cir. 1984). In presenting her claims, Plaintiff must set forth each allegation in a separately numbered paragraph,

as it is essential that the facts relating to each Defendant be set out clearly and in detail.

To amend his complaint, Plaintiff must completely fill out a new civil rights complaint form, marking it "Second Amended Complaint." Plaintiff is advised that the amended complaint must contain all of Plaintiff's allegations and should not in any way refer to the original or amended complaints. An amended complaint completely replaces all previous complaints and all earlier complaints are disregarded. N.D. Fla. Loc. R. 15.1. Plaintiff should file the amended complaint in the Court and keep one identical copy for himself. Plaintiff need not file service copies until instructed to do so by the court.

Accordingly, it is hereby

**ORDERED:**

1. The clerk of court shall forward to Plaintiff another Section 1983 form.

2. Plaintiff must respond to this order by **April 30, 2009.**

3. Plaintiff's Amended Motion for Leave to Proceed (doc. 9) is **DENIED AS MOOT.**

4. **Failure of Plaintiff to respond to this order or submit the requested information or explain his inability to do so will result in a recommendation to the District Judge that this action be dismissed.**

**DONE AND ORDERED** this   *1st*   day of April, 2009.


                                          *s/ A. KORNBLUM*
                                          **ALLAN KORNBLUM**
                                          **UNITED STATES MAGISTRATE JUDGE**